UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS BRIDGES, | ) | Case No. 1:04 CV 0117 |
| | ) | |
| Petitioner, | ) | Judge Solomon Oliver |
| | ) | |
| | ) | AMENDED |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| MARGARET BRADSHAW, | ) | (Resolving Docket No. 1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

The matter of Curtis Bridges' petition for habeas corpus relief under 28 U.S.C. §2254 from his July 31, 2001 convictions for "drug law violations" has been referred to the undersigned for report and recommendation. For the reasons that follow, dismissal of the petition is recommended due to failure to state a cognizable Fourth Amendment claim and procedural default. (See petition, Docket No. 1).

Bridges is a prisoner in state custody serving a 25 year sentence following his no contest pleas entered in Cuyahoga County Common Pleas Court after the trial court's denial of his motion to suppress the evidence connected with the seizure of a large quantity of cocaine from the vehicle he was driving. He was sentenced on violations of trafficking in cocaine and possession of cocaine in an amount exceeding 1000 grams with major drug offender specifications. (Respondent's Ex. 7 and Tr. at 429). Bridges has exhausted his state court appeals and seeks federal habeas relief on four grounds.

1:04 CV 0117                                                    2

        **Ground One:**        Fourth and Fourteenth Amendment.

        **Supporting Facts:**        Petitioner was denied a full and fair hearing concerning his motion to suppress. Defendant filed a motion to suppress. The court did not conduct a proper hearing consistent with due process of law.

The respondent argues that a federal court is prohibited from reviewing a claim of a Fourth Amendment violation that was tried in state court, citing *Stone v. Powell* in support of this contention. *Id.,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *Stone* held that a state convict's Fourth Amendment claim is not reviewable on habeas corpus if there had been an opportunity for full and fair litigation of the claim in state courts. *Id.*, 428 U.S. at 481-82. Full and fair opportunity requires both adequate state procedural mechanism for this review and fulfillment of this mechanism. The Ohio procedural mechanism is adequate in the abstract to review Fourth Amendment claims. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). Accordingly, the sole remaining question is whether presentation of the Fourth Amendment claim for suppression was frustrated because of a failure in the procedural mechanism. See *Riley v. Gray*, 674 F.2d at 526; *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001). Bridges consequently must establish he was prevented from litigating his suppression claims. See *Riley,* 674 F.2d at 526: *Machacek*, 213 F.3d at 952.

Bridges argues that he was denied a full and fair hearing, and that the traffic stop for speeding was pretextual to impoundment of the vehicle he was driving. Bridges presents an extremely selective portion of the suppression hearing transcript in his traverse, apparently in

1:04 CV 0117                                       3

an effort to contradict the factual findings set out in the state appellate court's decision affirming denial of his motion to suppress. See *id.*, 2002 WL 1728602 at ¶1-27. The record establishes that Bridges did have a full and fair opportunity to litigate his arguments. He simply disagrees with the unfavorable outcome. This is not equivalent to denial of a full and fair opportunity as addressed in *Riley v. Gray*. Accordingly, federal collateral review of Bridges' Fourth Amendment claim is foreclosed by *Stone v. Powell*.

In any event, even if federal review were possible, Bridges has not established in his arguments that the state court's decision denying suppression of evidence was "contrary to" or "unreasonable application" of clearly established *federal law*, governing probable cause and traffic stops, nor that the state court's resolution of the alleged inconsistent statements was an unreasonable determination under §2254(d)(2) and 2254(e). Bridges first ground does not present a cognizable claim.

      **Ground Two:**      Eighth and Fourteenth Amendment.

      **Supporting Facts:**      Petitioner was sentenced to consecutive terms of imprisonment amounting to 25 years. This constitutes a cruel and unusual punishment because this was a single act and a single possession of the same drugs.

1:04 CV 0117                                              4

**Ground Three:**     Fifth and Fourteenth Amendment.

**Supporting Facts:**     Petitioner was sentenced by the court at a hearing in which the court relied upon the court's investigation outside of the courtroom to factual issues before the court in determining the sentence. Petitioner was denied a fair tribunal and his right of confrontation and cross-examination. Petitioner's sentencing judge offended principles of fairness and petitioner was denied a fair and impartial tribunal.

**Ground Four:**     Fifth, Sixth and Fourteenth Amendment.

**Supporting Facts:**     Petitioner was sentenced by the court at a hearing in which the court relied upon the court's investigation outside of the courtroom to factual issues before the court in determining the sentence. Petitioner was denied a fair tribunal and his right of confrontation and cross-examination. Petitioner's sentencing judge offended principles of fairness and petitioner was denied a fair and impartial tribunal.

Respondent obliquely raises a valid argument that these three grounds present new claims which were not presented to the Ohio Supreme Court. Bridges in his arguments to the Ohio Supreme Court did not address the issues now encompassed in grounds two through four as Constitutional claims. The grounds presented are new claims that first saw the light of day in Bridges' habeas petition. In this circuit, analysis of whether a petitioner has "fairly presented" the same claim in the state courts is determined by whether petitioner can show

> (1) reliance upon federal cases employing constitutional analysis;
> (2) reliance upon state cases employing federal constitutional analysis;
> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
> (4) alleging facts well within the mainstream of constitutional law.

1:04 CV 0117                                                5

*Whiting v. Burt*, 395 F.3d 602, 612-13 (6th Cir. 2005); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), *cert denied*, 532 U.S. 958 (2001).

The second and third propositions of law contained in Bridges' memorandum to the Ohio Supreme Court did phrase the arguments as violations of "due process," but without reference to the Constitution or case law based on federal constitutional principles. (See Respondent's Ex. 13). The United States Supreme Court has ruled,

> 28 U.S.C. requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all facts necessary to support the federal claim before the state courts or that a somewhat similar state-law claim was made. In addition, the habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim. (citations omitted).
>
> *Anderson v. Harless*, 459 U.S. at 6, 103 S.Ct. at 277.

This point was more clearly brought home in *Duncan v. Henry*, which held:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state trial court denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Id.*, 513 U.S. 364, 366, 115 S.Ct. at 887, 888, 130 L.Ed.2d 865 (1995). Consequently, these grounds were not fairly presented.

Bridges' fourth proposition of law, which aligns with the second ground, was phrased merely as a sentencing error that was contrary to Ohio Revised Code provisions governing imposition of consecutive sentence and Bridges' prior criminal history. *Id.* In his conclusion,

1:04 CV 0117                                        6

Bridges alluded to the U.S. Sentencing Guidelines. He does not, however, argue for sentencing under federal guidelines or imply that a constitutional principle is at issue.[1] Bridges' grounds were therefore not fairly presented to the Ohio Supreme Court.

Respondent, however, has confused the concepts of exhaustion and procedural default. Contrary to respondent's arguments, Bridges did exhaust his state remedies. See *State v. Bridges*, 2002 WL 1728602, 2002 - Ohio - 3771 (Ohio App. 8 Dist. Jul. 25, 2002), appeal not allowed, 97 Ohio St.3d 1484, 780 N.E.2d 287 (Table Dec. 18, 2002). There are no additional avenues available in the state courts for Bridges to return and present new constitutionally based arguments. Exhaustion requires petitioner to exercise those state remedies still open to him at the time he filed his petition in federal court. See *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *O'Sullivan v. Boerckel*, 576 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). As 28 U.S.C. §2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

---

[1] As presented to the Ohio Supreme Court, Bridges argued:

Here, of course, the offenses referred to by the Court, with one exception, are all shown to be basically misdemeanors. Indeed the one felony conviction seems clearly not to be indicative of the type of criminal history that qualifies one for the severe treatment meted out in this case. By way of comparison the three strike law and the career offender law so readily utilized in federal prosecutions at least require felony drug convictions and/or a crime of violence before a sentence can be enhanced in this manner. See §4B1.1, United States Sentencing Guidelines. (Memorandum in Support of Jurisdiction, Resp. Ex. 13).

1:04 CV 0117                                           7

Exhaustion occurs when there is an absence of a state corrective process.  See 28 U.S.C. §2254(b)(1)(B)(i); *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); *Keener v. Ridenour*, 594 F.2d at 581.

In the instant case, since Bridges' claims have not been fairly presented for consideration in the state courts, the exhaustion requirement is satisfied because it is clear that these claims are procedurally barred under state law.  See *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).  A federal habeas corpus court is barred from hearing issues that could have been raised in the state courts, but were not, and which now may not be presented to those state courts due to procedural default or waiver.  *Wainwright v. Sykes*, 433 U.S. 72, 90-91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Bridges has created a peculiar species of procedural default due to his failure to "fairly present" his arguments to the Ohio Supreme Court.  Generally, the federal courts require a "plain statement" from the state courts that the claim is rejected due to procedural default.  *Coleman v. Thompson*, 501 U.S. 723, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  However, "[t]his rule necessarily applies only when a state court has been presented with a federal claim, as will usually be true given that a federal claimant exhausts state-court remedies before raising the claim in a federal habeas petition." *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1980); *Coleman*, 501 U.S. at 734.  A federal court will not address a habeas petitioner's claim unless the petitioner has first fairly presented his claim to the state courts.

1:04 CV 0117                                              8

*Dietz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004), *Hannah v. Conke*, 49 F.3d 1193, 1196 (6th Cir. 1995).  Respondent is correct that they are procedurally defaulted and Bridges has not countered this argument by submitting "cause and prejudice" to excuse the procedural default. See *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2457, 53 L.Ed.2d 594 (1977);  *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Ritchie v. Eberhart*, 11 F.3d 487, 491 (6th Cir. 1993), *cert. denied*, 510 U.S. 1135 (1994).

Bridges' bypassing the Ohio Supreme Court results in a procedural default which serves as an adequate and independent state ground to bar federal review.  See *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  "Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Bocher*, 394 F.3d 399, 400 (6th Cir. 2004); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

Bridges does not attempt to establish a cause to excuse his procedural default or prejudice.  Instead he proceeds in his traverse to directly argue his new Constitutionally based claims.  However, review of his memorandum to the Ohio Supreme Court clearly establishes that he was only concerned with Ohio statutory law regarding sentencing with regard to his second through fourth grounds.  Accordingly, federal review of these grounds is barred.

1:04 CV 0117                                           9

### *CONCLUSION AND RECOMMENDATION*

The federal district court cannot review Bridges' grounds due to the lack of a cognizable Fourth Amendment claim in Ground One and the failure to "fairly present' Grounds Two through Four to the Ohio Supreme Court, which resulted in procedural default barring habeas review. Accordingly, it is recommended that the petition be dismissed with prejudice.

                                            s/James S. Gallas
                                       United States Magistrate Judge

Dated: January 10, 2006

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985)